IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>JAMIE ADY,<br><br>Defendant/Movant. | Cause No. CR 19-91-BLG-SPW<br>CV 20-174-BLG-SPW<br><br>ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY |

This case comes before the Court on Defendant/Movant Jamie Ady's motion to vacate, set aside, or correct her sentence, pursuant to 28 U.S.C. § 2255. Ady is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) (*"Nicolas"*) (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

On July 18, 2019, a grand jury indicted Ady on conspiracy to possess with intent to distribute methamphetamine, a violation of 21 U.S.C. § 846 (Count 1), and possession with intent to distribute, a violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 2). (Doc. 1.) Assistant Federal Defender Evangelo Arventes was appointed to represent Ady. (Doc. 8.)

Ady reached a plea agreement with the United States and moved to change her plea on October 11, 2019. A hearing was held on October 22, at which she pled guilty to Count II of the Indictment. (Doc. 19.)

On June 10, 2020, Arventes withdrew and was replaced by Nicole Gallagher.

A presentence report was prepared. At sentencing on August 28, 2020, the Court accepted the findings of the report, and the parties voiced no objections. Based on a total offense level of 34 and a criminal history category of VI, Ady's advisory guideline range was 262 to 327 months. To fulfill and balance the sentencing objectives of 18 U.S.C. § 3553, the Court varied downward to a

sentence of 96 months in prison, to be followed by a five-year term of supervised release. (Docs. 42 & 45.)

Ady did not appeal. Her conviction became final on September 11, 2020. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). She timely filed her § 2255 motion on November 30, 2020. *See* 28 U.S.C. § 2255(f)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

### III. Claims and Analysis

Ady claims that counsel was ineffective. Such claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Ady must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id.* at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id.* at 694. Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.1989).

Ady's claim relates to her counsel's actions or inactions immediately prior to sentencing. The attorney who represented her at sentencing was appointed a month before the hearing, after her prior attorney had already filed a sentencing memorandum and several supporting documents. Ady asserts the following errors:

3

counsel failed to have Ady screened for drug treatment/drug court; counsel did not update the sentencing memorandum to include an "approved eligibility request"; counsel did not call witnesses at sentencing; counsel did not present certain facts or evidence; and counsel did not ask for self-surrender.

As background to consideration of Ady's claims, it is important to reiterate that her sentencing guideline range was 262 to 327 months. (Doc. 43.) The Court considered all of the evidence submitted, the arguments of counsel, the statement of the defendant, the presentence report, and the factors of 18 U.S.C. 3553(a) in reaching its below-guideline sentence of 96 months. The Court deemed Ady's sentence "sufficient but not greater than necessary." (Doc. 46.)

1. Screening for drug court/approved eligibility request

The sentencing memorandum filed by Ady's first counsel requested house arrest and assignment to the Montana Thirteenth Judicial District Drug Court. (Doc. 31 at 2.) Ady's § 2255 motion appears to contend that her counsel at sentencing should have done something more or additional to allow Ady to avoid incarceration. What those actions might have been is unclear. What is clear, however, is that Ady cannot carry her burden under the second prong of *Strickland*. The Court departed significantly below the guideline range, based, in part, on the evidence and arguments provided by Ady. However, her crime was serious, as is her criminal history as a federal prison recidivist. It is not feasible to imagine that

4

other arguments by counsel, other than what the record already contained, were likely to result in her avoiding incarceration altogether. The Court's statement of reasons, while considering the severity of the crime, the amount of drugs at issue, and the length of time between the termination of Ady's supervision on her prior federal conviction and this crime, includes the conclusion that "There is simply no way for the Court to consider releasing the Defendant immediately into the community." (Doc. 46 at 4.) The Court was aware of the request for punishment that did not include incarceration and specifically excluded it, for articulated reasons. Ady's sentencing counsel was not ineffective.

2. No witnesses at sentencing

Ineffective assistance of counsel occurs when the behavior complained of falls below prevailing professional norms. *Strickland,* 466 U.S. at 689. Ady's counsel filed thirteen letters of support for her prior to sentencing, as well as additional documents from various health providers. (Docs. 23, 29 & 41.) It is within the realm of professional discretion to believe that counsel understood that the relevant information was before the Court and that in-person witnesses would not advance the cause further. Ady's counsel was not ineffective by not calling witnesses at sentencing.

3. Presentation of facts or evidence

Ady does not specify what information she sought to have brought before

5

the Court that her counsel failed to provide. Ady pled guilty, and her § 2255 motion does not question the fact of her conviction. Nor does she contend that the presentence investigation was faulty. Further, as stated above, her counsel provided dozens of pages of information about her role in the community, her rehabilitation, her psychological condition, and her attempts at rehabilitation. There may be some additional fact that she wanted the Court to know, but she also had an opportunity to allocute on her behalf at sentencing. (Ady did also file a lengthy personal statement with the court prior to sentencing. (Doc. 26.) Ady has not plausibly asserted that her counsel's failure to introduce some unspecified evidence at sentencing was a meaningful departure from the professional norm, or that such a fact would have altered the outcome of her sentencing. Ady's counsel was not ineffective in this regard.

4. Self-surrender

Ady's final complaint is that counsel did not convey her request to self-surrender. However, again, Ady fails to carry her burden under the second prong of *Strickland*. The Court is obliged to detain someone prior to imposition of sentence, barring certain circumstances or findings. *See* 18 U.S.C. §§ 3143. Given Ady's criminal and personal history, the Court was extremely unlikely to grant her self-surrender. Ady's counsel was not ineffective in making a futile request.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Ady's claims meets the threshold required for a COA. Ady does not identify any respect in which counsel's performance was unreasonable. The decisions made by counsel about what to present at sentencing and how to approach Ady's evidence and interests were within the parameters of reasonable professional norms. Nor does she identify any reasonable probability of a different outcome if counsel had done anything differently. A COA is not warranted.

Accordingly, IT IS ORDERED:

1. Ady's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 95) is DENIED.

2. A certificate of appealability is DENIED. The clerk shall immediately

process the appeal if Ady files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 20-174-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Ady.

DATED this 22nd day of June, 2020.

*Susan P. Watters*
Susan P. Watters
United States District Court